# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VICTOR GARCIA,

                        Petitioner,

v.

                        Case No. 17-CV-421-JPS

GARY BOUGHTON,

                        Respondent.          **ORDER**

On March 22, 2017, Victor Garcia ("Garcia") filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1). Garcia was convicted of various charges related to "a violent home invasion by Garcia and several others in which the victims were robbed and beaten." *State of Wisconsin v. Victor Garcia*, No. 2015-AP-15 (Wis. App. Apr. 27, 2016) (Docket #1-1 at 15). Garcia was sentenced to sixteen years imprisonment, and is currently confined to the Wisconsin Secure Program Facility.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Generally, upon an initial Rule 4 review of habeas petitions, the Court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth

cognizable constitutional or federal law claims. However, in this case, the Court finds it prudent to ask Garcia to resubmit his petition.

Most of the information that the Court has been able to gather in this case is derived from the Wisconsin public record system and the attachments to the petition. Contrary to the stated preference in Rule 2 of the Rules Governing § 2254 Cases in the United States District Courts, Garcia did not submit his petition on the standard form for habeas actions. *See* Rule 2(d) ("Standard Form. The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."). In failing to "substantially follow" the standard form, Garcia has failed to answer various important questions relevant to the screening process. *See generally* (Docket #1). Instead of a standard petition, Garcia's submission is more like a brief in support thereof, which comes too early in this litigation.

Given the unclear nature of this petition, the Court will order Garcia to re-file his petition on or before **May 1, 2017**. To this end, the Court will provide Garcia with the standard habeas petition form without charge. Garcia is reminded that his petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242. *See* Rule 2(c) of the Rules Governing § 2254 Cases in the United States District Courts. Garcia should also take care to answer each question in the petition to the best of his ability. He should not simply rely on or refer to attachments to the petition, because the Court will not accept such a tactic in lieu of a properly completed petition. If Garcia does not submit a properly completed habeas petition form by the above-stated date, this action will be dismissed without further notice.

Accordingly,

**IT IS ORDERED** that Garcia must re-file his petition under 28 U.S.C. § 2254 for a writ of habeas corpus no later than **May 1, 2017**; to that end, the Court will send the petitioner a blank standard petition to guide Garcia's submission.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge