# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VICTOR GARCIA,

                Petitioner,

v.

GARY BOUGHTON,

                Respondent.

Case No. 17-CV-421-JPS

**ORDER**

On May 1, 2017, Victor Garcia ("Garcia") filed a second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #12). As noted previously, Garcia was convicted of various felony charges related to a burglary and is currently confined in the Wisconsin Secure Program Facility. (Docket #6 at 1). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Garcia's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, it appears that Garcia's petition is may be untimely. According to the petition and publicly available information on Garcia's underlying criminal case, *State of Wisconsin v. Victor Garcia*, 2009-CF–807 (Rock Cnty. Cir. Ct.), Garcia was convicted in July 2010. Garcia filed a state post-conviction motion in 2012, via post-conviction counsel, alleging ineffectiveness on the part of his trial counsel. This was finally denied in September 2014. He filed a second state post-conviction motion, *pro se*, in December 2014, arguing that his counsel on the first post-conviction motion was ineffective in failing to raise certain arguments in that motion. That motion too was denied, as of June 2016. The instant case was filed on March 22, 2017. (Docket #1). It appears, then, that despite any tolling afforded by the pendency of Garcia's state post-conviction motions, the statute of limitations may have run on his habeas corpus petition. Because the limitations issue is not clear on this record, however, the Court will allow Garcia to proceed past screening.

The court continues its Rule 4 review by examining Garcia's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal

habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears that the claims in Garcia's petition have been exhausted. Garcia presents the following three of claims for relief in his petition: 1) in assessing his first post-conviction motion, the Wisconsin Court of Appeals erred in refusing to take note of Garcia's repeated attempts to highlight his counsel's ineffectiveness; 2) in assessing his second post-conviction motion, the Wisconsin Court of Appeals erred in finding that his post-conviction counsel was not ineffective; and 3) actual innocence, based on a favorable finding on the first or second claim. (Docket #12 at 6-11). The Wisconsin Supreme Court denied Garcia's petition for review of the Court of Appeals' rulings on these claims. Therefore, these claims appear to have been fully exhausted in state court.

The court next reviews Garcia's petition under Rule 4 to determine

whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, it appears that Garcia may have procedurally defaulted on at least some of his claims. In the latest opinion from the Wisconsin Court of Appeals in Garcia's saga, dated April 27, 2016, the court mentions that Garcia may be barred by a procedural misstep. (Docket #12-1 at 29-35). Specifically, the court found that Garcia should have raised certain claims in his first post-conviction motion, and his failure to do so could bar him from bringing those again in his second motion. *Id.* at 32-33; *see State of Wisconsin v. Escalona-Naranjo*, 517 N.W.2d 157, 185-86 (Wis. 1994). The court went on, nevertheless, to discuss his ineffectiveness claims as part of an exception to that procedural bar. (Docket #12-1 at 32-34). Consequently, this Court will not conclude at the screening stage that Garcia has procedurally defaulted.

The Court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Garcia's federal habeas petition. *Ray*, 700 F.3d at 996 n.1. Garcia's claims appear thin due to their layered nature. Garcia argues that his post-conviction counsel was ineffective for failing to fully address the ineffectiveness of his trial counsel. (Docket #12 at 6-9). He then contends that if his various lawyers were not ineffective, this would have eliminated evidence essential to his convictions. *Id.* at 10-11. Despite

how unlikely this chain of reasoning may be, it does not plainly appear that Garcia's claims are so frivolous or speculative as to merit dismissal at screening. The court will direct the respondent to file an answer to Garcia's claims in the amended petition. The Court notes, however, that the respondent has much more complete access to the underlying facts of this case, and so he is free to use those facts to raise any procedural infirmities which did not merit dismissal in this Order.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within 30 days of entry of this order, the respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If the respondent files an answer, then the parties should abide by the following briefing schedule:

    a. The petitioner shall have 60 days after the filing of the respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. The petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by the respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

    b. The respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within 60 days of service of petitioner's brief, or within one hundred and 120 days from the date of this

order if no brief is filed by petitioner.

    c.    The petitioner may then file a reply brief, if he wishes to do so, within 30 days after the respondent has filed a response brief.

3. If the respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

    a.    The petitioner shall have 30 days following the filing of respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

    b.    The respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L. R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Because the petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, the petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

The petitioner is further warned that the failure to file a brief or response as required by the above-described schedule will result in the dismissal of this action without prejudice and without further notice.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern

District of Wisconsin, a copy of the second amended petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF whether the Department will not accept service of process on behalf of the respondent, the reason for not accepting service for the respondent, and the last known address of the respondent. The Department of Justice will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 10th day of May, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge