# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VICTOR GARCIA,

                Petitioner,

v.

GARY BOUGHTON,

                Respondent.

Case No. 17-CV-421-JPS

**ORDER**

## 1. INTRODUCTION

Petitioner Victor Garcia ("Garcia") filed a petition for writ of *habeas corpus* on March 22, 2017. (Docket #1). After going through several iterations, the Court screened the current version of that petition on May 10, 2017. (Docket #13). The Court noted that Garcia's claims were likely in procedural default, but allowed him to proceed past screening. *Id.* On June 6, 2017, Respondent moved to dismiss Garcia's petition on that ground. (Docket #16). The motion is now fully briefed. (Response, Docket #18; Reply, Docket #19). For the reasons explained below, the Court's suspicions have proven correct, and Garcia's petition must be dismissed as procedurally defaulted.

## 2. BACKGROUND

The two opinions produced by the Wisconsin Court of Appeals in Garcia's state court litigation together provide the relevant background to the instant case. On June 3, 2014, on direct appeal, the Court of Appeals summarized Garcia's crimes and arguments:

> Victor Garcia appeals a judgment convicting him after a jury trial of two counts of armed robbery with use of force, one count of substantial battery with use of a dangerous

weapon, one count of armed burglary with a dangerous weapon, and one count of felony bail jumping, all as a repeater and all as a party to a crime except for bail jumping. Victor Garcia also appeals an order denying his postconviction motion. He argues that his trial lawyer provided him with constitutionally ineffective assistance. We affirm.

 Victor Garcia, Fernando Garcia and Isaac Cortez were charged with armed robbery and other counts for entering the apartment of Scott Lynch and Mark Brown in the middle of the night, robbing them and beating them. The State argued at trial that Cortez was angry at Brown and wanted to hurt him for alleged improprieties with Cortez's girlfriend. The State contended Cortez enlisted the help of Victor and Fernando Garcia by telling them they could steal drugs and money at the apartment. Victor Garcia's defense at trial was that he was not involved at all; his brother Fernando Garcia committed the crimes with Cortez, but he was not present. The jury convicted him of all of the charges against him.

 Victor Garcia moved for postconviction relief, arguing that he received constitutionally ineffective assistance from his trial lawyer. He contended that his lawyer should have moved to suppress a pair of Nike tennis shoes he was wearing when he was arrested at his mother's house. The shoes tied Victor Garcia to the crime scene because they had paint splatters on them that were consistent with paint found at the victims' apartment. Victor Garcia argued that the shoes should not have been admitted because the police did not have a warrant to enter his mother's home where they arrested him and his mother did not consent to the police entering and searching her home. After an evidentiary hearing, the circuit court denied the postconviction motion.

 On appeal, Victor Garcia contends that his trial lawyer provided constitutionally ineffective representation by failing to move to suppress admission of the Nike shoes.

*State of Wisconsin v. Garcia* [*Garcia I*], 2012-AP-1685, 2014 WL 2462819, at *1 (Wis. Ct. App. 2014). The court affirmed Garcia's conviction because any

supposed error by his trial counsel was harmless; the evidence against him was overwhelming. *Id.* at *4.

On April 27, 2016, the Court of Appeals addressed Garcia's post-conviction motion filed pursuant to Wis. Stat. § 974.06:

> Victor Garcia appeals, pro se, an order denying his motion for a new trial filed pursuant to Wis. Stat. § 974.06 (2013–14). Garcia argues that postconviction counsel was ineffective in failing to raise claims that trial counsel was constitutionally ineffective in several respects. He asserts that he is, therefore, entitled to a new trial. Based upon our review of the briefs and record, we conclude at conference that this case is appropriate for summary disposition. *See* Wis. Stat. Rule 809.21. We affirm the order.
>
> . . .
>
> On December 4, 2014, proceeding pro se, Garcia filed a postconviction motion under Wis. Stat. § 974.06 alleging that, in failing to raise clearly stronger issues in a previous postconviction motion, postconviction counsel performed deficiently and this prejudiced Garcia. Garcia alleged that, because of this failure, his § 974.06 motion for a new trial based on trial counsel's ineffective assistance is not procedurally barred. The circuit court permitted Garcia to argue his motion. However, no testimony from postconviction counsel or any other evidence was presented. The circuit court denied the motion. Garcia appeals this denial.
>
> Garcia's previous postconviction motion, filed by counsel in 2012, argued that trial counsel should have sought to suppress evidence tying Garcia to the crime. Because of this failure, Garcia argued, he was entitled to a new trial. The circuit court denied that motion after an evidentiary hearing, and on appeal the ruling was affirmed. *See* [*Garcia I*]. Our opinion concluded that any error with regard to the suppression motion was harmless because, given the strength of the State's case, a rational jury would have found Garcia guilty absent the error. *See id.*, ¶¶ 4–14.

> Because Garcia could have raised these issues in his 2012 postconviction motion and appeal, the instant challenge is barred unless he shows a sufficient reason for failing to raise the issues at that time. *See* Wis. Stat. § 974.06(4); *State v. Escalona–Naranjo*, 185 Wis. 2d 168, 185–86, 517 N.W.2d 157 (1994). Garcia's motion alleges that ineffective assistance of postconviction counsel is the reason for the failure to raise the issues previously.

*State of Wisconsin v. Garcia* [*Garcia II*], 2015-AP-15, 2016 WL 8605414, at *1 (Wis. Ct. App. 2016). The court noted that to maintain his motion, Garcia needed to "sufficiently allege postconviction counsel's deficient performance and allege that the deficient performance was prejudicial." *Id.* at *2. Garcia failed to appropriately allege deficient performance, and so his Section 974.06 motion was procedurally inadequate. *Id.* at *2-3. The Court of Appeals affirmed the trial court's denial of Garcia's motion without a hearing. *Id.* at *3.

Garcia's current habeas petition (now his second amended version) presents three grounds for relief. First, he alleges that during his direct appeal, the Wisconsin Court of Appeals violated his Sixth Amendment right to effective assistance of post-conviction counsel by denying his attempts to preserve various claims of his trial counsel's ineffectiveness ("Ground One"). (Docket #12 at 6-7). This ground rests on the Court of Appeals' denial of Garcia's motions to remand his case to the trial court so that he could add more argument to his direct appeal materials to include the omitted claims. *Id.* Second, Garcia states that his post-conviction counsel, Timothy Kiefer ("Kiefer"), afforded him ineffective assistance of counsel by failing to include those claims of trial counsel's ineffectiveness that were the target of Garcia's motions to remand ("Ground Two"). *Id.* at

7-9. Finally, Garcia claims that he is actually innocent of his crimes ("Ground Three"). *Id.* at 10-11.

3. **STANDARD OF REVIEW**

The federal habeas corpus statute "permits a federal court to entertain only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing 28 U.S.C. § 2254(a)). "As amended by [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")], 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Id.* As a result, the Court may grant a writ of habeas corpus only if the state court's decision with respect to that claim was: (1) "contrary to . . . clearly established federal law, as determined by the Supreme Court of the United States"; (2) "involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1–2); *see also Conner v. McBride*, 375 F.3d 643, 648-49 (7th Cir. 2004).

4. **ANALYSIS**

None of Garcia's claims survive to a review of their merits. Garcia withdrew Ground Three in responding to the motion to dismiss. (Docket #18 at 1). As to Grounds One and Two, he has procedurally defaulted. As the Court noted in its screening order, procedural default generally bars habeas relief. (Docket #13 at 3-4). The Seventh Circuit's most recent instruction on procedural default comes from *Richardson*:

> Procedural defaults take several forms, but two are paradigmatic. On the one hand, a claim might be

procedurally defaulted when a petitioner fails to "fairly present" his claim to the state courts, regardless of whether he initially preserved it with an objection at the trial level. To fairly present his federal claim, a petitioner must assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings. The complete round requirement means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. On the other hand, a claim might be procedurally defaulted through a petitioner's initial failure to preserve it with an objection, even if the petitioner later does attempt to present it for review. "[W]hen a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accord with the state's procedural rules (*i.e.*, because the petitioner failed to contemporaneously object), that decision rests on independent and adequate state procedural grounds." [*Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010).]

*Richardson v. Lemke*, 745 F.3d 258, 268-69 (7th Cir. 2014) (citations omitted).

As to the first iteration, "fair presentment" requires that the petitioner fully present his federal claims to the state courts, giving the state courts a meaningful opportunity to pass on them. *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006). The factual and legal substance of what the petitioner presents to the federal and state courts must remain similar. *Id.* If a claim is constitutional in nature, the state court must be apprised of this. *Id.* To determine whether a claim is fairly presented, courts look to "1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right;

and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Id.* (quotation omitted).

This iteration defeats Ground One. As noted above, this ground rests on Garcia's remand motions. At no point in his appellate briefs filed in *Garcia I*, either before the Court of Appeals or the Wisconsin Supreme Court, did Garcia cite federal precedent holding that the Sixth Amendment demanded a remand in those circumstances. (Docket #17-3 at 32; Docket #17-5; Docket #17-6 at 18-23). Instead, Garcia presented the issue to the Wisconsin Supreme Court as a question of interpreting the state statute governing the remand motions, not a constitutional violation. (Docket #17-6 at 18-23). Ground One was not arguably presented in any form to either court in *Garcia II*. *See* (Docket #17-7 at 1-34; Docket #17-9; Docket #17-10 at 1-17). By failing to present Ground One to the Wisconsin courts for fair consideration, Garcia has defaulted on the claim.

Garcia's argument to the contrary is unavailing. He contends that the constitutional issue was raised because he told the Wisconsin courts that he sought remand to raise additional claims of ineffective assistance pursuant to the Sixth Amendment. This misconstrues Ground One. Ground One is not a claim for Garcia's counsels' ineffectiveness at any stage, but is instead a claim that the Court of Appeals itself violated his right to counsel. Garcia did not argue to the Wisconsin courts, or cite any cases supporting an argument, that his Sixth Amendment right to counsel could be violated *by the Court of Appeals* with its denial of his motions to remand. In responding to the motion to dismiss, Garcia still fails to cite any cases establishing such a rule. *See* (Docket #18 at 4-9). His only conceivably relevant citation is to *Watkins*, which holds that a court "'must indulge every reasonable presumption against the loss of constitutional rights.'" *United States v.*

*Watkins*, 983 F.2d 1413, 1418 (7th Cir. 1993) (quoting *Illinois v. Allen*, 397 U.S. 337, 343 (1970)). Raising this generic principle does not satisfy the "fair presentment" test described by *Anderson*. More importantly, Garcia never cited *Watkins* to the Wisconsin courts. *See* (Docket #17-3 at 32; Docket #17-5; Docket #17-6 at 18-23).[1]

As to the second form of procedural default, "[w]hen the last state court to issue an opinion on a petitioner's federal claim has resolved that claim on an adequate and independent state ground, federal habeas review of the claim is foreclosed." *Miranda v. Leibach*, 394 F.3d 984, 991 (7th Cir. 2005). This generally arises when "the petitioner failed to comply with a state procedural rule and the state court relied on that procedural default to refrain from reaching the merits of the federal claim." *Id.* at 991-92. A state ground is "independent" when it is actually relied on by the state court in deciding the claim, and is "adequate" when the ground is applied "in a consistent and principled way." *Id.* at 992; *Promotor v. Pollard*, 628 F.3d 878, 885 (7th Cir. 2010).

Ground Two does not survive this form of procedural default. Wisconsin has established a rule that permits circuit courts to deny a Section 974.06 post-conviction motion when "the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is

---

[1] In his brief to the Wisconsin Supreme Court, Garcia cited only one case in his argument addressing the remand issue, *Rothering v. McCaughtry*, 556 N.W.2d 136 (Wis. Ct. App. 1996). (Docket #17-6 at 21). *Rothering* stands for the proposition that a post-conviction motion can be used to address ineffectiveness on the part of appellate counsel, even though such a claim would clearly not have been made in the direct appeal itself (and thereby barred in normal circumstances). *Id.* at 139-40. This citation was no better than any of Garcia's other arguments at fairly presenting Ground One to the Wisconsin Supreme Court.

not entitled to relief[.]" *State of Wisconsin v. Allen*, 682 N.W.2d 433, 576 (Wis. 2004). Wisconsin has extended the *Allen* rule to claims of ineffectiveness by appellate counsel. *State of Wisconsin v. Romero-Georgana*, 849 N.W.2d 668, 677-78 (Wis. 2014). The Seventh Circuit holds that the *Allen* rule "is a well-rooted procedural requirement in Wisconsin and is therefore adequate." *Lee v. Foster*, 750 F.3d 687, 694 (7th Cir. 2014). The *Lee* court also found the *Allen* rule to be "independent" in that case because the Court of Appeals expressly relied on it. *Id.* at 693. Ground Two was, of course, not presented in *Garcia I*. Though it was raised in Garcia's Section 974.06 post-conviction motion, the Court of Appeals cited the *Allen* rule in denying relief. *Garcia II*, 2016 WL 8605414, at *2. It held that Garcia's conclusory allegations regarding Kiefer's deficient performance did not pass the procedural bar set by *Allen*. *Id.* at *2-3. Ground Two, then, is barred because the Wisconsin courts rested their rejection of that ground on independent and adequate state law grounds.

Garcia's attempts to avoid this result are meritless. First, he argues that the Court should look to the circuit court's opinion on his Section 974.06 motion because the Court of Appeals summarily affirmed that opinion. While it is true that the case was "appropriate for summary disposition," *Garcia II*, 2016 WL 8605414, at *1, the Court of Appeals in fact issued its own substantial opinion on the matter, *see generally id.* That opinion is what this Court is bound to review. *Woolley v. Rednour*, 702 F.3d 411, 421 (7th Cir. 2012) ("When a state collateral review system issues multiple decisions, we typically consider the last reasoned opinion on the claim[.]") (quotation omitted).

Second, Garcia maintains that the Court of Appeals did not expressly rely on the *Allen* rule. To prove ineffectiveness on the part of appellate

counsel, a defendant must show that the claims appellate counsel declined to include in the appeal were both "obvious" and "clearly stronger" than the ones which were pressed. *Makiel v. Butler*, 782 F.3d 882, 898 (7th Cir. 2015). Garcia believes that rather than merely applying *Allen*, the Court of Appeals actually opined on the merits of whether his alternative claims were "clearly stronger." Garcia is incorrect. The Court of Appeals addressed only the "threshold question" of whether Garcia's allegations were sufficient to survive the *Allen* rule. *Garcia II*, 2016 WL 8605414, at *3. In doing so, the court necessarily referenced the elements of an ineffectiveness claim, including the "clearly stronger" consideration. *Id.* It did not, however, decide whether any of Garcia's claims met that standard, but instead found that Garcia's allegations lacked the requisite specificity. *Id.*

Garcia's final contention is that the Court of Appeals got it wrong—he did adequately allege a claim of appellate counsel's ineffectiveness. No matter its merits, the Court cannot follow him on this path. As noted by *Lee*, "review of the adequacy of a state ground is limited to whether it is a firmly established and regularly followed state practice at the time it is applied, not whether the review by the state court was proper on the merits." *Lee*, 750 F.3d at 694.

Finally, Garcia's procedural defaults may have been excused if he could establish equitable grounds therefore. These include proving "[1] cause for and prejudice stemming from that default, or, . . . [2] that the denial of relief will result in a miscarriage of justice[.]" *Blackmon v. Williams*, 823 F.3d 1088, 1099 (7th Cir. 2016). Despite these grounds being raised in Respondent's opening brief, (Docket #17 at 11-13), Garcia makes no attempt

to raise them in his response, *see generally* (Docket #18). The Court will not do so for him.

5. **CONCLUSION**

For the reasons stated above, Respondent's motion to dismiss must be granted. Still, under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Garcia must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, reasonable jurists would not debate whether the petition should have been resolved in a different manner. As a consequence, the Court is further compelled to deny a certificate of appealability as to Garcia's petition.

Finally, the Court closes with some information about the actions that Garcia may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline

if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Respondent Gary Boughton's motion to dismiss (Docket #16) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner Victor Garcia's petition for a writ of *habeas corpus* (Docket #12) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to the petitioner Victor Garcia's petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of June, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge