# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| VICTOR GARCIA,<br><br>    Petitioner,<br>v.<br><br>GARY BOUGHTON,<br><br>    Respondent. | Case No. 17-CV-421-JPS<br><br>**ORDER** |

On June 30, 2017, the Court granted Respondent's motion to dismiss. (Docket #20). On August 23, 2017, Petitioner filed a motion for reconsideration of that decision. (Docket #25). Petitioner fails to cite any legal support for his reconsideration request. *Id.* Only two rules potentially apply, however, and neither aids him here.

Federal Rule of Civil Procedure ("FRCP") 60(b) offers relief from a court's orders or judgments if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chicago*, 97 F. App'x 680, 681 (7th Cir. 2004) (quoting FRCP 60(b)(6)).[1] Such relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 443 F.3d 542, 546 (7th Cir. 2006).

Petitioner's motion simply offers his disagreement with the Court's ruling. He fails to address any of the specific FRCP 60(b) grounds for relief.

---

[1] *Tylon* quotes the previous version of FRCP 60(b)(6), but the verbiage change in 2007 was not intended to be substantive. See Fed. R. Civ. P. 60, Advisory Committee Notes, 2007 Amendment.

*Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) ("The district court does not abuse its discretion by denying a Rule 60(b) motion that is not based on one of the specified grounds for relief."); *Monzidelis v. World's Finest Chocolate, Inc.*, 92 F. App'x 349, 353 (7th Cir. 2004) (FRCP 60(b) motion denied because the movant "failed to even *argue* that mistake, excusable neglect, newly discovered evidence, fraud, or other exceptional circumstances had undermined the legitimacy of the prior judgment.") (emphasis in original). Petitioner's motion does not present the exceptional circumstances required by FRCP 60(b).

The other potentially applicable rule is FRCP 59(e), which permits a Court to alter or amend a judgment. *See Obreicht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir 2008). Such a motion must, however, be filed no more than 28 days after the judgment is issued. Fed. R. Civ. P. 59(e). Petitioner's motion for reconsideration thus comes far too late to invoke FRCP 59(e).

Petitioner's motion does not merit relief under either FRCP 60(b) or 59(e), and must therefore be denied. Petitioner's motion generally seeks a "clarification" of the Court's dismissal order, but that is not the proper subject of a motion for reconsideration. If he disagrees with the Court's ruling, his avenue for redress goes through the Court of Appeals.[2]

Accordingly,

**IT IS ORDERED** that Petitioner Victor Garcia's motion for reconsideration (Docket #25) be and the same is hereby **DENIED**.

---

[2] Petitioner also asks that the Court reconsider granting him a certificate of appealability, but that request fails for the same reasons discussed above.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge